■ In the Matter of PIERRE B., a Person Alleged to be a Juvenile Delinquent, Appellant. [623 NYS2d 557] —Order, Family Court, New York County (George L. Jurow, J.), entered May 25, 1993, which adjudicated respondent a juvenile delinquent, upon a finding that he committed acts which, if committed by an adult, would constitute attempted robbery in the first, second and third degrees, attempted grand larceny in the fourth degree and attempted petit larceny, and placed him in the custody of the State Division for Youth for a period of

eighteen months, unanimously reversed, on the law, the finding of delinquency vacated and the petition dismissed, without costs.

The thirteen year old complainant testified that at 3:30 P.M. on March 8, 1993, he was on his way home from junior high school on the M15 bus, when the then fifteen year old respondent and his friends boarded the bus and began harassing him and other passengers. Four days later, at approximately 7:45 A.M. as he was on the same bus on his way to school, respondent boarded the bus with two friends and sat down next to the complainant, saying, "This is the kid with the hurricane jacket." Then, one of respondent's friends took out a knife with a four inch blade and passed it to respondent, who pointed the knife at the complainant's chest from a distance of six inches for approximately five minutes and said, "I am going to cut you up, and take all your stuff after school." Respondent did not take anything from the complainant who, because he was afraid, did not take the bus home from school that day.

While respondent's reprehensible conduct was the cowardly act of a common bully and, if committed by an adult, would constitute menacing in the second degree, an offense he was not charged with, it did not constitute an attempted robbery or larceny.

There was no threat of *immediate* use of a dangerous instrument as required by Penal Law §§ 110.00 (attempt to commit a crime) and 160.15 (3) (robbery in the first degree), nor were acts undertaken which came " 'dangerously near' " to taking the complainant's property *(People v Acosta,* 80 NY2d 665, 670).

We note that respondent was also placed in two other Family Court proceedings for periods of twelve and eighteen months, which placements were to run concurrently with this one. Concur—Sullivan, J. P., Ellerin, Wallach, Kupferman and Mazzarelli, JJ.